IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**NEEL MURRAY SUTTON,**

        **Plaintiff,**

     v.                                                 **CIVIL ACTION NO. 4:06cv80**

**WAL-MART STORES, INC.,**

        **Defendant.**

*MEMORANDUM OPINION & ORDER*

Before the Court is the Motion of Wal-Mart Stores, Inc. ("Defendant") for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court has considered Defendant's memorandum in support of its motion and this matter is now ripe for decision. For the reasons set forth below, Defendant's motion for summary judgment is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

For the purposes of this summary judgment motion, the Court assumes the following facts to be true.[1] On July 9, 2004, Neel Murray Sutton ("Plaintiff") went shopping at the Wal-Mart store located in Yorktown, Virginia. Plaintiff went to the hardware section of the store in

---

[1] Rule 56(B) of the Local Rules of the United States District Court for the Eastern District of Virginia requires that a motion for summary judgment include a list of undisputed facts. The Court assumes that any facts alleged in the motion for summary judgment are admitted unless controverted by the responding opposition brief. Plaintiff has not responded to Defendant's motion for summary judgment, so for the purposes of this motion the Court will assume the facts alleged in Defendant's memorandum are true.

1

order to purchase a toilet seat. Plaintiff walked over to a display of toilet seats on hangers. Almost immediately upon Plaintiff's approach, a wooden toilet seat fell off its hanger and struck Plaintiff in the foot. Plaintiff states that the seat that struck her was in a cardboard frame hanging on a hanger with a braided plastic handle across the top, and that the seat fell when the handle came out at one end. Plaintiff states that the seat fell without her or anyone else touching it, and that when she walked up to the display she could not tell that the seat was going to fall or that the plastic handle was broken. Plaintiff does not know how long the seat had been hanging there or the last time a customer had been in that area before her.

On May 26, 2006, Plaintiff filed suit against Defendant in the Circuit Court for the City of Newport News, Virginia. Defendant filed an answer on June 20, 2006. Defendant removed the case to this Court on June 22, 2006, pursuant to 28 U.S.C. § 1441(a). Defendant filed the instant motion for summary judgment on December 19, 2006. Plaintiff has not responded.

## II.  LEGAL STANDARD

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Haulbrook v. Michelin North Amer., Inc.*, 252 F.3d 696, 700 (4th Cir. 2001) (citing *McKinney v. Bd of Trustees of Mayland Cmty. Coll.*, 955 F.3d 924, 928 (4th Cir. 1992) (stating that "summary judgment should be granted only when it is perfectly clear that no issue of material fact exists, and it is not necessary to inquire further into the facts in order to clarify the operation of the law"). In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts,

in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

### III. DISCUSSION

In Virgina, a premises owner owes a duty of ordinary care to customers as invitees upon the premises. *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990). The Supreme Court of Virginia has held that, "In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a prima facie case of negligence." *Grim v. Rahe, Inc.*, 246 Va. 239, 242, 434 S.E.2d 888, 889 (1993). In *Winn-Dixie*, the Supreme Court of Virginia expressly declined to adopt a "method-theory" of liability where a premises owner can be liable if it is reasonably foreseeable that the method used to display items for sale creates a dangerous condition. *Winn-Dixie*, 240 Va. at 183 n.3, 396 S.E.2d at 651 n.3. Instead, the plaintiff has the burden of proving that the defendant had actual or constructive knowledge of the dangerous condition. *Id.* at 184, 396 S.E.2d at 651.

The facts of *Winn-Dixie* are illustrative. In *Winn-Dixie*, the plaintiff was injured after

3

falling on a snap bean in the produce section. *Id.* at 180, 396 S.E.2d at 649-50. An employee of the defendant testified that he had mopped the floor where the plaintiff had fallen at most two minutes prior to plaintiff's accident. *Id.* at 182, 396 S.E.2d at 650. The employee also testified that the employees in the produce section were concerned about items displayed in a loose condition possibly falling on the floor. *Id.* The Supreme Court of Virginia held that plaintiff had failed to show the defendant's actual or constructive knowledge of the dangerous condition. *Id.* at 184, 396 S.E.2d at 651. Specifically, the court stated that there was no evidence that the defendant actually knew of the presence of the bean and that there was no evidence of how long the bean had been there. *Id.* The court reasoned that it was just as likely that the bean had fallen as a result of some action taken by another customer as the possibility that defendant's employee had missed the bean while mopping. *Id.*; *see also Grim*, 246 Va. at 242, 434 S.E.2d at 890 (deciding that when the plaintiff relies on a constructive knowledge theory, "[I]f the evidence fails to show when a defect occurred on the premises, the plaintiff has not made out a prima facie case."); *Colonial Stores, Inc. v. Pulley*, 203 Va. 535, 538, 125 S.E.2d 188, 190 (1962) (holding that, in a case where a plaintiff fell because of an empty bottle on the floor, "[T]he plaintiff failed to prove that the defendant placed the bottle on the floor and failed to show that, if someone else put it there, the defendant knew, or should have known, of its presence.").

      Plaintiff in the instant case has produced no evidence of actual knowledge on the part of Defendant concerning the toilet seat. Plaintiff has also produced no evidence to indicate that Defendant should have been aware of any defective condition in the toilet seat display. Plaintiff herself has stated that she could not tell by looking at the seat that it was going to fall. There is no evidence of when any unsafe condition involving the toilet seat may have arisen. In short,

Plaintiff has completely failed to establish Defendant's actual or constructive knowledge of the alleged unsafe condition as required under Virginia law. Therefore, Plaintiff's claim of negligence must fail and Defendant's motion for summary judgment is granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 25, 2007